UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 05-90038

v.

Hon. John Corbett O'Meara

ANDRE VAN,

    Defendant.
_____/

**OPINION AND ORDER GRANTING
DEFENDANT'S MOTION TO DISMISS**

Before the court is Defendant's motion to dismiss the indictment, filed July 26, 2006. The government submitted a response on August 15, 2006. The court heard oral argument on August 24, 2006, and, for the reasons set forth below, grants Defendant's motion.

**BACKGROUND FACTS**

The parties agree that the Speedy Trial Act has been violated in this case. The Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, provides that a trial shall be held within 70 days of the indictment or arraignment, whichever is later. 18 U.S.C. § 3161(c)(1). Defendant, Andre Van, was indicted November 22, 2005, and arraigned on November 28, 2005. The speedy trial clock began to run as of November 28. See United States v. Richmond, 735 F.2d 208, 211 (6th Cir. 1984) (speedy trial clock begins to run on date of defendant's initial appearance after the indictment). Defendant filed a motion for bond on December 7, 2005, thus stopping the clock. See 18 U.S.C. § 3161(h)(1)(H). Defendant also filed several other motions thereafter. The court

denied the motion for bond on January 24, 2006, and Defendant withdrew the other pending motions on January 25, 2006, thus restarting the speedy trial clock on January 26. The clock ran until April 26, 2006, when Defendant filed a motion to exclude 404(b) evidence.

From the date of Defendant's arraignment until April 26, 2006, at least 99 non-excludable days elapsed on the speedy trial clock. Defendant also notes that the time period between July 15, 2006, and the filing of this motion (July 26) was also non-excludable. Because it is undisputed that more than 70 non-excludable days have elapsed, the Speedy Trial Act has been violated.

As a remedy for this violation of the Speedy Trial Act, the court must dismiss the indictment. See 18 U.S.C. § 3162(a)(2) ("If a defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h), the information or indictment *shall be dismissed* on motion of the defendant.") (emphasis added); United States v. Taylor, 487 U.S. 326, 332 (1988). The only issue is whether the court should dismiss the indictment with or without prejudice. Id.

"In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(2). See also Taylor, 487 U.S. at 333. A district court must set forth written findings with regard to these factors; failure to do so is an abuse of discretion. United States v. Pierce, 17 F.3d 146, 148 (6th Cir. 1994).

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

With respect to the first factor, the seriousness of the offense, Van is charged with possession with intent to distribute heroin and cocaine base, possession of a firearm during a drug trafficking offense, and with being a felon in possession of a firearm. These offenses are considered serious within the meaning of the Speedy Trial Act. See, e.g., United States v. Wright, 6 F.3d 811, 814 (D.C. Cir. 1993) (distribution of cocaine base and firearm offenses). Therefore, this factor weighs in favor of dismissal without prejudice. Id.

With respect to the second factor – the facts and circumstances surrounding the delay – the government claims that it is not responsible because it "had no control over when this matter would be docketed for trial." Govt. Br. at 5. Although the court bears responsibility for scheduling this matter for trial, the U.S. Attorney's office bears equal responsibility for ensuring compliance with the Speedy Trial Act. See Wright, 6 F.3d at 815 ("Congress has directed that all federal criminal defendants be brought to trial within a specified period. It is up to the United States Attorney's Office, as well as the district court, to ensure that Congress's demands are met."). The government has offered no explanation for its failure to keep track of non-excludable days for speedy trial purposes. There is no evidence, however, that the government has acted in bad faith, attempted to take tactical advantage of the delay, or that this is anything more than an "isolated unwitting violation." See Taylor, 487 U.S. at 339; Pierce, 17 F.3d at 149; Wright, 6 F.3d at 815. Accordingly, this factor weighs in favor of dismissal without prejudice. See id.

The third factor the court must consider is the impact of a reprosecution on the administration of the Speedy Trial Act and on the administration of justice.

> As an initial matter, we must note that this third factor cannot be viewed in isolation from the others. Whether a dismissal without prejudice will have an adverse impact on the administration of the Act or on the administration of justice depends, in large part, on the seriousness of the defendant's alleged crime and on the reasons for the delay. If the Government had intentionally delayed Mr. Wright's trial or if it had evidenced a 'lackadaisical attitude' toward compliance with the Act, then the court would have been remiss in failing to weigh these facts against the Government in considering whether dismissal without prejudice would adversely affect the interest of justice and the policies behind the Speedy Trial Act.

Wright, 6 F.3d at 816. In this case, the Defendant's alleged crime is serious and the government's violation appears to be unintentional and isolated. Accordingly, these factors suggest that a dismissal without prejudice would not adversely affect the interest of justice and the policies behind the Speedy Trial Act.

Further, Defendant has not articulated any prejudice his defense has suffered as a result of the delay. Defendant has not, for example, argued that witnesses or evidence will no longer be available as a result of the delay. This factor also weighs in favor of a dismissal without prejudice. See Taylor, 487 U.S. at 341 ("[A]lthough the absence of prejudice is not dispositive, in this case it is another consideration in favor of permitting reprosecution."); Wright, 6 F.3d at 816; Pierce, 17 F.3d at 149.

All three factors, therefore, militate in favor of a dismissal without prejudice. Accordingly, IT IS HEREBY ORDERED that Defendant's July 26, 2006 motion to dismiss is GRANTED and the indictment is DISMISSED WITHOUT PREJUDICE. At the hearing, the court remanded Defendant to the custody of the United States Marshal with the instruction that Defendant be transferred to state custody so that Defendant may resolve an alleged outstanding state parole violation. Defendant shall no longer be in federal custody under this indictment,

which is dismissed.

       SO ORDERED.

                                                    s/John Corbett O'Meara
                                                    United States District Judge

Dated:  August 28, 2006

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, August 28, 2006, by electronic and/or ordinary mail.

                                                    s/William Barkholz
                                                    Case Manager, (734) 741-2488